UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH H., <br><br> Plaintiff, <br> vs. <br><br> NANCY A. BERRYHILL, <br> Deputy Commissioner for Operations, <br> Social Security Administration, <br><br> Defendant. | No. 1:17-CV-04687-TAB-RLY |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.    Introduction**

Plaintiff Kenneth H. appeals the Social Security Administration's denial of his application for a period of disability and disability insurance benefits. The Administrative Law Judge found that Plaintiff had several severe impairments, but Plaintiff was nonetheless not disabled. Plaintiff argues that (1) substantial evidence does not support the ALJ's decision because he failed to define "fast-paced production requirements" for the vocational expert and (2) the ALJ did not give legally sufficient reasons for rejecting Plaintiff's statements that looking down precipitated his dizziness. As discussed below, the Court denies Plaintiff's request for remand [Filing No. 17] because substantial evidence supports the ALJ's decision and the ALJ's assessment of Plaintiff's symptoms was not patently erroneous.

**II.    Background**

Following the SSA's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled. *See* 20 C.F.R. § 404.1520(a) (explaining the five-step evaluation process). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity since the alleged onset date.  At step two, the ALJ determined that Plaintiff is severely impaired with hypertension; diabetes mellitus; hyperglycemia, NOS; vertigo; chronic dizziness; status post stroke (cerebral vascular accident); and status post heart valve repair.  At step three, the ALJ determined that Plaintiff is not presumptively disabled because his impairments do not meet or medically equal the severity of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1.

Before moving on to step four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work, subject to additional limitations.  In particular, the ALJ found that Plaintiff must be allowed to alternate between sitting and standing at will, with some additional motor limitations.  Further, the ALJ limited Plaintiff to never working around unprotected heights or hazardous machinery, avoiding concentrated exposure to extreme temperatures, occasionally operating motor vehicles, and to jobs without fast-paced production requirements.  Part of the evidence the ALJ considered in making this determination included Plaintiff's testimony that looking down caused dizziness.  At step four, the ALJ relied on Plaintiff's RFC and a vocational expert's testimony to determine that Plaintiff would be unable to perform any past relevant work.  However, at step five, the ALJ determined that the Plaintiff can perform jobs available in significant numbers in the national economy despite his limitations.

## III. Discussion

Plaintiff makes two arguments in support of his appeal.  Plaintiff's first argument is that substantial evidence does not support the ALJ's decision because he failed to define fast-paced production requirements for the vocational expert.  In response, the Deputy Commissioner argues that substantial evidence supports the ALJ's decision because the hypothetical—in its entirety—accurately describes the claimant in all significant relevant aspects.  Plaintiff's second

argument is that the ALJ did not give legally sufficient reasons for rejecting Plaintiff's statements that looking down caused dizziness. The Deputy Commissioner responds that the ALJ provided specific reasons and an evidentiary basis for evaluating Plaintiff's dizziness as required by the agency's regulations.

On review, this Court exercises deference and determines whether substantial evidence supports the ALJ's decision. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1979)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court does not "reweigh evidence or substitute [its own] judgment for that of the ALJ." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014) (quoting *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013)). However, the Court will remand the ALJ's decision if the reasons given by the ALJ do not "build an accurate and logical bridge" between the evidence and the result. *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017).

### A. Fast-Paced Production Requirements

Plaintiff argues that substantial evidence does not support the ALJ's decision because he failed to define fast-paced production requirements for the vocational expert. To support this claim, Plaintiff relies on *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015), which noted that it is "problematic that the ALJ failed to define 'fast[-]paced production.' Without such a definition, it would have been impossible for the [vocational expert] to assess whether a person with Varga's limitations could maintain the pace proposed." Seeing a parallel between the hypotheticals given by the ALJ in the Plaintiff's case and the ALJ in *Varga*, Plaintiff requests a remand since no such definition was provided. The Deputy Commissioner responds that substantial evidence supports the ALJ's decision because his hypotheticals accurately described

3

Plaintiff, and the VE identified thousands of jobs in the national economy that Plaintiff could perform.

All of a claimant's limitations must be incorporated in the hypotheticals presented to the VE and in the ALJ's RFC assessment. *See Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010). For example, if an ALJ finds that a claimant has limitations in concentration, persistence, or pace, and the VE does not know about those limitations, then the ALJ must in some way account for those limitations in the hypotheticals presented to the VE. *See*, *e.g., Varga*, 795 F.3d at 813-14. Repeatedly, the Seventh Circuit has stated that ALJs must provide VEs with a full picture of a claimant's RFC. *O'Connor-Spinner*, 627 F.3d at 619. Hypotheticals presented to the VE must include all limitations found credible by the ALJ so that the expert does not list jobs that are unavailable to the claimant. *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002).

In this context, Plaintiff's reliance on *Varga* is misguided. In *Varga*, the Seventh Circuit found reversible error when the hypothetical did not "incorporate *all* of the claimant's limitations supported by the medical record—including moderate limitation[s] in concentration, persistence, and pace . . . .". *Varga*, 794 F.3d at 814 (emphasis in original). The lack of definition for fast-paced production requirements was only part of the ALJ's failure to incorporate difficulties in concentration, persistence, or pace into the hypothetical. *Id.* The ALJ's other questions in the hypothetical also failed to account for the claimant's mental limitations. *Id.* For example, limiting the claimant to "simple, routine, and repetitive tasks" was "unrelated . . . to whether an individual with mental limitations . . . can perform such work." *Id.* Limiting the claimant to work "involving only simple work related decisions with few if any work place changes and no more than occasional interaction with coworkers and supervisors," as the court explained, "deals

4

largely with workplace adaptation, rather than concentration, persistence, or pace." *Id.* Finally, limiting Varga to work "free of fast[-]paced production requirements," without defining what that means, did not allow the "VE to assess whether a person with Varga's limitations could maintain the pace proposed." *Id.*

Unlike the hypothetical in *Varga*, Plaintiff's hypothetical provided the VE with a full picture of Plaintiff's RFC, even though he did not define fast-paced production requirements. "Due to dizziness and vertigo, as well as mild depression," the ALJ limited Plaintiff to "jobs without fast[-]paced production requirements," and the ALJ went on to add:

> [T]he claimant must be allowed to alternate between sitting and standing at will, provided he is not off task more than 10% of the work period; occasionally can climb ramps and stairs; can never climb ladders, ropes or scaffolds; can never balance; occasionally can stoop, crouch, crawl, and kneel; may never work around unprotected heights or hazardous machinery; should avoid concentrated exposure to extreme cold and extreme heat; occasionally can operate a motor vehicle; and is limited to jobs without fast-paced production requirements.

[Filing No. 13-2, at ECF p. 20, R. at 19 (RFC in decision), ECF p. 59, R. at 58 (hypothetical to VE).]

These limitations adequately account for Plaintiff's dizziness, vertigo, and mild depression in the RFC assessment and hypothetical. [*Id.* at ECF p. 58-65, R. at 57-64.] In particular, alternating between sitting and standing, restricting mobility and access to unprotected heights or hazardous machinery, and occasionally operating a motor vehicle all relate to Plaintiff's dizziness and vertigo. [*Id.* at ECF p. 26, R. at 25.] Additionally, the ALJ explained to the VE that Plaintiff "can never balance." [*Id.* at ECF p. 63, R. at 62 ("When I say balancing, I mean maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically-moving surfaces or maintaining body equilibrium when performing gymnastic feats.").] Thus, the ALJ provided the VE with a full picture of

5

Plaintiff's limitations, allowing for a response from the VE that provides substantial evidence in support of the ALJ's decision.

**B.     Dizziness**

Plaintiff's next argument is that the ALJ did not give legally sufficient reasons for rejecting Plaintiff's statements that looking down precipitated dizziness.  He contends that the ALJ did not build a logical bridge from the evidence to his conclusion because the ALJ's decision lacks any explanation of how he considered Plaintiff's assertion that looking down precipitated his dizziness.  He also argues that none of the limitations in the RFC account for Plaintiff's alleged dizziness from looking down.  The Deputy Commissioner responds that the ALJ's determination about Plaintiff's dizziness was not patently wrong and thus must be upheld.  Supporting this argument, she points out that the ALJ considered the appropriate regulatory factors in 20 C.F.R. § 404.1529(c)(3) to reach his conclusion about the impact of Plaintiff's alleged symptoms.

The ALJ's credibility[1] determination will be upheld so long as the ALJ "gives specific reasons supported by the record" and is not "patently wrong."  *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015).  A determination is patently wrong if it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).  One such credibility determination involves evaluating symptoms.  When an ALJ assesses a claimant's subjective symptoms, such as dizziness, "an ALJ must consider several factors, including [1] the claimant's daily activities, [2] [his] level of pain or symptoms, [3] aggravating factors, [4] medication, [5] treatment, and [6] limitations, and justify the findings with specific reasons*." Villano v. Astrue*, 556 F.3d 558, 562

---

[1] As of March 16, 2016, the Social Security Regulations abandoned use of the term "credibility" and replaced it with "intensity and persistence of [the claimant's] symptoms."  SSR 16-3p, *Evaluation of Symptoms in Disability Claims*, 81 Fed. Reg. 14166-01 (Mar. 16, 2016).

6

(7th Cir. 2009). The ALJ does not need to explicitly weigh every factor—only the relevant ones. *See Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013) (affirming the ALJ's denial of benefits even after the ALJ did not explicitly consider each factor). In considering each relevant factor, ALJs must "minimally articulate" their reasoning. *Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012); 20 C.F.R. § 404.1527(c)(2).

Assessing Plaintiff's dizziness, the ALJ considered several factors, including precipitating and aggravating factors. Plaintiff argues looking down is a precipitating factor for his dizziness. Specifically acknowledging this factor, the ALJ stated, "When sitting, [Plaintiff] feels dizzy when he looks down." [Filing No. 13-2, at ECF p. 21, R. at 20.] The ALJ then went on to explain how "his dizziness improved with rehabilitation therapy," "he can reach overhead," and "he can lift approximately 25 pounds of weight." [*Id.*] Additionally, "he prepares breakfast and lunch for himself, walks his small dog, shops . . . washes dishes . . . and does laundry and vacuum[s]." [*Id.*] Each of these findings indicate how the ALJ minimally articulated his reasoning to address the level of impairment caused by Plaintiff's dizziness. Moreover, the ALJ assigned limits for a sit-stand option, balancing and mobility, operating motor vehicles, no unprotected heights or hazardous machinery, and no fast-paced production requirements. [*Id.* at ECF p. 20, R. at 19.]

Furthermore, the ALJ considered Plaintiff's treatment and medication, which Plaintiff intermittently took. In particular, Plaintiff admitted that his dizziness and vertigo were somewhat improved with Antivert and vestibular exercises. [*Id.* at ECF p. 26, R. at 25.] Several other treatment and medication findings indicated that Plaintiff's alleged level of impairment was not wholly consistent with the assertion that his condition is disabling. For example, a consistent lack of significant longitudinal treatment history weighed against Plaintiff's alleged level of

7

impairment. [*Id.* at ECF p. 27, R. at 26.] Despite referral to neurology services for treatment, Plaintiff did not schedule an appointment. [*Id.*] Finally, Plaintiff did not check his blood sugar levels at home "recently or consistently," did not take medication as prescribed, and misplaced a prescribed medication without notifying the prescribing doctor. [*Id.*] As the ALJ points out, "an impairment that can be remedied by treatment with reasonable effort and safety cannot support a finding of disability." [*Id.* at ECF p. 27, R. at 26 (citing *Dunlap v. Comm'r of Soc. Sec.*, 2008 U.S. Dist. LEXIS 39150 (W.D. Mich. Jan. 7, 2008); 20 C.F.R. § 404.1530(a).]

In support of his decision, the ALJ considered medical records that showed normal or unremarkable objective physical findings, which contradicted Plaintiff's alleged level of impairment. Objective medical evidence may support an ALJ's decision and can assist ALJs in making "reasonable conclusions about the intensity and persistence of [a claimant's] symptoms." *See* 20 C.F.R. § 404.1529(c)(2). Discrepancies between the objective evidence and subjective statements of pain may suggest symptom exaggeration. *See Jones v. Astrue*, 623 F.3d 1155, 1161 (7th Cir. 2010). The ALJ cited objective medical findings that support his decision. For example, primary care physician Dr. Gerard's opinion indicated that Plaintiff's intermittent dizziness was "much improved," "physical examination findings were unremarkable," and a dizziness test maneuver was negative. [Filing No. 13-2, at ECF p. 23, R. at 22.] Similarly, physical examination findings of primary care physician Dr. Abeleda were "within normal limits." [*Id.* at ECF p. 22, R. at 21.] Revealing unremarkable and normal examination findings, the ALJ relied on this objective medical evidence to properly assess Plaintiff's alleged level of impairment.

Finally, Plaintiff contends that the ALJ's reference to his vertigo and dizziness as stable is not sufficient support for rejecting Plaintiff's alleged level of impairment. As discussed above, the ALJ supported his finding with much more than the stability of the condition.

## IV. Conclusion

For these reasons, Plaintiff has not demonstrated that the ALJ committed reversible error. The Court denies Plaintiff's brief in support of appeal [Filing No. 17] and affirms the Deputy Commissioner's decision.

Date: 8/20/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution: All ECF-registered counsel of record by email.